1  JOHN A. RUSSO, City Attorney - State Bar #129729
   RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
2  JAMES F. HODGKINS, Supervising Trial Attorney - State Bar #142561
   PELAYO A. LLAMAS, JR., Deputy City Attorney - State Bar #162046
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California  94612
4  Telephone:  (510) 238-6621          Fax:  (510) 238-6500 **ORIGINAL**
   22904/315034                                              **F I L E D**
5
   Attorneys for Defendants                                  NOV 1 4 2003
6  City of Oakland
   Oakland Police Department          **E-filing**           RICHARD W. WIEKING
7  and Officer S. Nowak                                      CLERK, U.S. DISTRICT COURT
                                                             NORTHERN DISTRICT OF CALIFORNIA
8                                                            OAKLAND

9               UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA        'ADR
10

11
   ROBERT GIRARD,                        C **03  5065** EMC
12
                   Plaintiff,            **DEFENDANTS CITY OF OAKLAND,**
13                                       **OAKLAND POLICE DEPARTMENT,**
           v.                            **AND OFFICER S. NOWAK'S PETITION**
14                                       **FOR REMOVAL TO FEDERAL COURT**
   CITY OF OAKLAND; OPD OFFICER A.
15 MCFARLANE #8313; OPD OFFICER S.
   NOWAK #8118; OAKLAND POLICE DEPT.
16 and DOES 1 TO 10.

17              Defendants.

18

19         Petitioners City of Oakland, Oakland Police Department, and Officer S.

20 Nowak state as follows:

21         1.    Defendants desire to exercise their rights under the provisions of Title

22 28 U.S.C. §1441, et seq. to remove this action from the Superior Court of the State of

23 California, County of Alameda, Unlimited Jurisdiction, where this action is now pending as

24 Robert Girard v. City of Oakland, et al., Superior Court No. RG03095102.

25         2.    This is an action of a civil nature in which the District Courts of the

26 United States have been given original jurisdiction in that it arises, in part, under the laws

1   of the United States, as provided in 28 U.S.C. §1331 and, further, in that it arises out of

2   Acts of Congress commonly known as 42 U.S.C. §1983, and the Fourth Amendment to

3   the United States Constitution.

4         3.    The date on or before which these defendants are required by the

5   California Code of Civil Procedure and the Rules of Alameda County Superior Court to

6   answer or otherwise plead to Plaintiff's complaint has not lapsed.  An unfiled copy of

7   Plaintiff's Second Amended Complaint was received by Defendants City of Oakland,

8   Oakland Police Department and Officer S. Nowak on October 24, 2003.  The complaint

9   was served on November 12, 2003.  This Petition for Removal is filed in accordance with

10   the requirements of 28 U.S.C. §1446.

11         4.    Officer A. McFarlane is being represented by separate counsel, and is

12   joining in this petition.

13         5.    Pursuant to the provisions of 28 U.S.C. §1446, Defendants attach

14   herewith and incorporate herein by reference, copies of the following documents (attached

15   as Exhibit A ) served upon them in this action:

16         (a)    Second Amended Summons; and

17         (b)    Second Amended Complaint for Battery; False Arrest; Violation of

18   Civil Rights and Emotional Distress.

19         6.    As declared above, Defendants City of Oakland, Oakland Police

20   Department, and Officer S. Nowak , with the joinder of Officer A. McFarlane, desire and

21   are entitled to have this action removed from the Superior Court of the State of California

22   for the County of Alameda, Unlimited Jurisdiction, to the United States District Court for

23   the Northern District of California as such district is the district where the suit is pending

24   and conditioned that Defendants will pay all costs and disbursements incurred by reason

25   of these removal proceedings should it be determined that this action was not removable

26   or was improperly removed.

7.    Written notice of the filing of this Petition will be given to all parties to this action as required by law.

8.    A true copy of this petition will be filed with Alameda County Superior Court as provided by law.

9.    Defendants City of Oakland, Oakland Police Department, and Officer S. Nowak, with the joinder of Officer A. McFarlane, respectfully request that this action be removed to this court and that this court accept jurisdiction of this action.  The aforementioned defendants further request that this action be placed on the docket of this court for further proceedings as if this action had been originally filed in this court.

DATED:  November 14, 2003        Respectfully submitted,

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Chief Assistant City Attorney
JAMES HODGKINS, Supervising Trial Attorney
PELAYO A. LLAMAS, JR., Deputy City Attorney

By: _____
Attorneys for Defendants
City of Oakland, Oakland Police Department
and Officer S. Nowak

EXHIBIT A

SECOND AMENDED **SUMMONS**
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
CITY OF OAKLAND; OPD OFFICER A. McFARLANE #8813; OPD
OFFICER S. NOWAK #8118; OAKLAND POLICE DEPARTMENT,
and DOES I through X, inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
ROBERT GIRARD

| | |
|---|---|
| You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*
SUPERIOR COURT OF CALIFORNIA-UNLIMITED JURISDICTION
1225 FALLON STREET
OAKLAND, CA 94612

CASE NUMBER: *(Número del Caso)*
RG03095102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
VAUGHN E. SPUNAUGLE, ESQ. (92336)
1980 APPIAN WAY, SUITE 102
EL SOBRANTE, CA 94803
(510) 262-0878

DATE:
*(Fecha)*

Clerk, by _____, Deputy
*(Actuario)*                                    *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
       ☐ other:

4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]

*(See reverse for Proof of Service)*
SECOND AMENDEDSUMMONS

CEB

PROOF OF SERVICE — SUMMONS
*(Use separate proof of service for each person served)*

1. I served the
   a. ☐ summons ☐ complaint ☐ amended summons ☐ amended complaint
      ☐ completed and blank Case Questionnaires ☐ Other *(specify)*:
   b. on defendant *(name)*:

   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. ☐ **Personal service.** By personally delivering copies. (CCP 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail serivce.** By mailing to an address outside California (by first-class mail postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
   a. ☐ as an individual defendant.as the person sued under the
   b. ☐ fictitious name of *(specify)*:
   c. ☐ on behalf of *(specify)*:
      under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)      ☐ other:
             ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (individual)
   d. ☐ by personal delivery on *(date)*:

4. At the time of service I was at least 18 years of age and not a party to this action.
5. Fee for service: $
6. Person serving:
   a. ☐ California sheriff, marshal, or constable.
   b. ☐ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☐ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

⟩ _____
         *(SIGNATURE)*

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

⟩ _____
         *(SIGNATURE)*

-63(a)(9) [Rev. January 1, 1984]

Vaughn E. Spunaugle, Esq. (CSB#92336)
**LAW OFFICES OF VAUGHN E. SPUNAUGLE**
4980 Appian Way, Suite 102
El Sobrante, CA 94803
Telephone: (510) 262-0878
Facsimile: (510) 262-0881

Attorney for Plaintiff
ROBERT GIRARD

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA-UNLIMITED JURISDICTION

| | |
|---|---|
| ROBERT GIRARD,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND; OPD OFFICER A.<br>McFARLANE #8813; OPD OFFICER S.<br>NOWAK #8118; OAKLAND POLICE<br>DEPARTMENT,  and DOES I through X,<br>inclusive,<br>          Defendants. | ) Case No.: RG03095102<br>)<br>) **SECOND AMENDED COMPLAINT FOR**<br>) **BATTERY; FALSE ARREST;VIOLATION**<br>) **OF CIVIL RIGHTS AND EMOTIONAL**<br>) **DISTRESS**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff alleges:

1. Defendant, CITY OF OAKLAND, is and at all times herein mentioned was,  a municipal corporation, duly organized under the laws of the State of California and situated in the City of Alameda.

2. Defendant, OAKLAND POLICE DEPARTMENT, is a governmental entity, and at all times herein mentioned was operating in the City of Oakland, State of California.

3. Defendants, A. McFARLANE and S. NOWAK., at the time of the incident herein alleged, were agents and employees of defendant, OAKLAND POLICE DEPARTMENT, and at all times herein mentioned were acting within the course and scope of their employment by defendant OAKLAND POLICE DEPARTMENT.

4. Defendants Doe I through Doe X, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant" "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, were the agents and employees of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency and employment.

## FIRST CAUSE OF ACTION
### *(BATTERY)*
*(Govt. Code Section 815.2,820)*

6. Plaintiff realleges and incorporates herein by reference each and every paragraph of 1-5 as though set forth in full.

7. On or about May 7, 2002, plaintiff was in the area of the entrance to Highland Hospital located in Oakland, California. At that time and place, plaintiff observed an individual who had been subdued and beaten by defendant Oakland police officers A. McFarlane and S. Nowak. Plaintiff took a photograph of the individual being detained by the defendant officers at which time said officers began to beat and kick plaintiff about his head and body. Plaintiff was then illegally arrested by officers McFarlane and Nowak.

8. In doing the acts as alleged above, defendant officers acted with the intent to make contact with plaintiff's person.

9. At no time did plaintiff consent to any of the acts of defendants alleged above.

10. As a proximate result of the acts of defendants McFarlane and Nowak, and each of them, plaintiff suffered injuries to his right shoulder, affecting range of motion in his neck and right arm, injury to his left knee and false arrest.

11. As a further proximate result of the acts of defendants, and each of them, plaintiff has incurred, and will continue to incur, medical and related expenses in an amount according to proof.

12. As a proximate result of the acts of defendants, and each of them, plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which have caused and continue to cause, plaintiff great mental, physical, and nervous pain and suffering. As a result of these injuries, plaintiff has suffered general damages in an amount according to proof.

13. As a further proximate result of the acts of defendants, and each of them, plaintiff's earning capacity has been greatly impaired, both in the past and at present in an amount according to proof.

14. On or about November 6, 2002, plaintiff served a governmental claim to the Office of the City Attorney for Oakland, California for the injuries and damages sustained by him from the above-described occurrence, all in compliance with the requirements of Section 905 of the Government Code. Having received no reply within 45 days of the service of said claim, it was deemed rejected by operation of law.

### SECOND CAUSE OF ACTION
*(42 U.S.C.-Civil Rights Violations)*

Plaintiff realleges and incorporates by reference herein each and every paragraph of 1 – 14 as though set forth in full.

15. The actions described hereinbefore as being taking under color of law and causing deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States and of California, all taken together and specifically, constitute violations of 42 U.S.C. Section 1983.

16. Defendant's actions and omissions were intentional and/or wrongful and/or reckless and/or negligent in the actions taken.

17. This all constituted violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and similar provisions in the Constitution of California. Plaintiff specifically alleges that there was an unreasonable seizure, and illegal and unconstitutional use of excessive force and also a deprivation of liberty without due process and also a malicious prosecution, all in violation of constitutional provisions set out hereinabove. The actions of defendants violated plaintiff's constitutional liberty interest to be free from arbitrary, unnecessary violence perpetrated by government officials. The force used was greater than appeared reasonably necessary at the time to deal with plaintiff.

18. Defendant's actions and omissions were intentional and/or wrongful and/or reckless and/or negligent in the actions taken. Those actions caused the unlawful restraint of plaintiff's personal freedom against his will without legal excuse and without probable cause and also malicious prosecution of him in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and similar provision in the California Constitution.

19. Plaintiff specifically alleges that he suffered injuries and damages as a direct and proximate result of the acts of defendants, all as set out herein. Defendants acted directly in creating the cited violations by the actions and omissions described hereinabove. There were deprivations of all of the federal and state constitutional rights described throughout herein.

20. Plaintiff does claim that he is entitled to actual damages(against all defendants) and exemplary damages (against Oakland police officers McFarlane and Nowak acting in their individual capacity as to the exemplary damages) based upon all of the facts set out herein.

21. 42 U.S.C. Section 1983 authorizes the payment of attorney's fees and expenses to plaintiff's counsel, and plaintiff seeks that relief.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages in an amount according to proof;

2. For medical and related expenses in an amount according to proof;

3. For loss of earning capacity in an amount according to proof;.

4. For costs of suit incurred herein, including reasonable fees and expenses to plaintiff's counsel; and

5. For such other and further relief as the court may deem proper.

Dated: 10 - 21 - 0 7

Vaughn E. Spunaugle
Attorney for Plaintiff
**ROBERT GIRARD**

## PROOF OF SERVICE BY MAIL / CCP §§ 1013A, 2015.5

Jenny Tuffnell declares:

I am over age 18, not a party to this action, and am employed in Contra Costa County at 4980 Appian Way, Suite 102 El Sobrante, CA 94803. On October 23, 2003, I deposited in the United States mail in El Sobrante, California a copy of the attached **PLAINTIFF'S SECOND AMENDED SUMMONS AND COMPLAINT** in a sealed envelope, with postage fully prepaid, addressed to:

City of Oakland
Attn: Tamora Pryor
One Frank Ogawa Plaza, 6th Floor
Oakland, CA 94612

Oakland Police Officer A. McFarlane #8313
Oakland Police Department
455 – 7th Street
Oakland, CA 94607

Oakland Police Officer  S. Nowak #8118
Oakland Police Department
455 – 7th Street
Oakland, CA 94607

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 23, 2003

Jenny Tuffnell